**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF MASSACHUSETTS

Case number *(if known)* ______ Chapter 7

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Interise, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 26-3011769 |
| 4. | **Debtor's address** | **Principal place of business**<br>361 Newbury Steet, Suite 421<br>Boston, MA 02115<br>Number, Street, City, State & ZIP Code<br>Suffolk<br>County<br><br>**Mailing address, if different from principal place of business**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

Debtor **Interise, Inc.** Case number (*if known*)
Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*

- ■ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**6117**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

District ______ When ______ Case number ______
District ______ When ______ Case number ______

Debtor **Interise, Inc.**
Name

Case number (*if known*) ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor ______ Relationship ______
District ______ When ______ Case number, if known ______

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? ______

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ______

**Where is the property?** ______
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency ______
Contact name ______
Phone ______

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

| | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Interise, Inc.**
Name

Case number (*if known*) ____________________

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/06/2026
MM / DD / YYYY

X [signature]
Signature of authorized representative of debtor

**Tyrone Foster**
Printed name

Title **Board Chairman**

**18. Signature of attorney**

X **/s/ Adrienne K. Walker**
Signature of attorney for debtor

Date 11/18/2026
MM / DD / YYYY

**Adrienne K. Walker**
Printed name

**Foley & Lardner LLP**
Firm name

**111 Huntington Avenue**
**Suite 2500**
**Boston, MA 02199-7610**
Number, Street, City, State & ZIP Code

Contact phone **617-502-3355** Email address **awalker@foley.com**

**641490 MA**
Bar number and State

# RESOLUTION OF THE BOARD OF DIRECTORS OF INTERISE, INC. SPECIAL MEETING SEPTEMBER 15, 2026

**WHEREAS,** the Board of Directors of Interise, Inc. (the "Corporation") has considered the financial condition and circumstances of the Corporation;

**WHEREAS,** the Board of Directors has reviewed, considered, and received the recommendations of counsel, who appeared at the meeting and made recommendations as to the future of the company, including as to the relative risks and benefits of a Chapter 7 bankruptcy proceeding; and

**WHEREAS,** the Board of Directors has made an informed determination that it is in the best interests of the Corporation, in furtherance of the Corporation's mission, the communities served by the Corporation, the Corporation's creditors and other interested parties, to file a voluntary petition (the "Voluntary Petition") for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

**WHEREAS,** this special meeting of the Board of Directors was duly called by the Board Chair in accordance with Article IV, Section 2 of the Bylaws of the Corporation;

**WHEREAS,** notice of this special meeting was duly given to all Directors at least two (2) days prior to the meeting in accordance with Article IV, Section 3 of the Bylaws of the Corporation, and such notice contained a description of the business to be transacted at the meeting as required by Article IV, Section 3 of the Bylaws;

## FILING OF THE VOLUNTARY PETITION

**NOW, THEREFORE, BE IT RESOLVED,** the Board of Directors hereby finds, determines and concludes that it is desirable and in the best interests of the Corporation, in furtherance of the mission of the Corporation, the communities served by the Corporation, the Corporation's creditors and other interested parties, that the Voluntary Petition seeking relief under the Bankruptcy Code and the filing of the Voluntary Petition under Chapter 7 of the Bankruptcy Code is hereby authorized.

## APPOINTMENT OF AUTHORIZED OFFICERS

**RESOLVED,** that Tyrone Foster, the Board Chair (the "Authorized Officer") is authorized on behalf of the Corporation to execute and verify the Voluntary Petition in the name of the Corporation under Chapter 7 of the Bankruptcy Code, and to cause the same to be filed in the United States Bankruptcy Court in such form and at such time as the Authorized Officer shall determine.

## ACTION BY THE AUTHORIZED OFFICER

**RESOLVED,** that the Board of Directors hereby authorizes and empowers the Authorized Officer to take such other action at such time as they deem necessary, appropriate or desirable to cause the preparation and filing of the Voluntary Petition, schedules, statement of financial affairs, lists, pleadings and other papers or documents, and to take any and all actions which they deem necessary or proper for and on behalf of the Corporation to obtain relief under the Bankruptcy Code, including without limitation depositing the executed Voluntary Petition, schedules, statement of financial affairs, lists, pleadings and other papers or documents in the custody of Foley & Lardner LLP, to be held in trust until such time as the Authorized Officer instructs Foley & Lardner LLP in writing to file the Voluntary Petition and schedules, statement of financial affairs, lists, pleadings and other papers or documents;

**RESOLVED FURTHER,** the Authorized Officer is hereby authorized and empowered on behalf of, and in the name of the Corporation to take such actions as are necessary, appropriate, advisable or desirable to pursue and maximize the benefits of Chapter 7, including without limitation: (i) cooperating with Court appointed professionals; (ii) making arrangements for use of cash collateral; (iii) pursuing and consummating any sale or sales of assets; and (iv) negotiating, executing and delivering any and all agreements, instruments and related documents that, in the judgment and discretion of the Authorized Officer, is necessary, appropriate, advisable or desirable for consummating such sale or sales of assets or for such development, including asset purchase agreements and related documents;

**RESOLVED FURTHER,** that the Authorized Officer is authorized to employ the law firm of Foley & Lardner LLP as general bankruptcy counsel to the Corporation, who is serving on a pro bono basis, and to take any and all actions to advance the Corporation's rights and, in connection therewith;

**RESOLVED FURTHER,** that the Authorized Officer is authorized to employ additional professionals, including without limitation any attorneys, financial advisors or consultants to the Corporation as the Authorized Officer deems necessary, appropriate, advisable or desirable to represent and assist the Corporation in considering carrying out his respective duties under the Bankruptcy Code; ;

**RESOLVED FURTHER,** that the Authorized Officer (and such other officers as the Authorized Officers may from time to time designate) is authorized and empowered, in the name of, and on behalf of the Corporation: (a) to take or cause to be taken any and all such other and further action; (b) to do and perform, or cause to be done or performed, all such acts and things; (c) to negotiate, execute and deliver, or cause to be negotiated, executed or delivered, all such further papers, pleadings, documents and instruments of any type and description; and (d) to pay, or cause to be paid, any and all fees, charges and costs of any type or description, all of which may be, or may be deemed to be, necessary, appropriate, advisable or desirable to effect the purposes and intent of the foregoing resolutions, the necessity, propriety, advisability or desirability of which shall be conclusively evidenced by any such officer's taking, or causing to be taken, any such action, doing and performing, or causing to be done or performed, any such act or thing,

executing and delivering, or causing to be executed and delivered, any such papers, pleadings, documents or instruments, or paying, or causing to be paid, any such fees, charges and costs; and the execution by any of such officers of any such papers, pleadings, documents or instruments, or the doing by any of them of any act or thing in connection with any of the matters or things contemplated by, arising out of or in connection with, or otherwise relating in any manner whatsoever, the subject of the resolutions set forth above, shall conclusively establish his authority therefor from the Corporation and the approval and ratification by the Corporation of any and all papers, pleadings, documents and instruments so executed and delivered, and any and all action so taken, done or performed.

**RESOLVED FURTHER,** that Article VIII of the Bylaws are hereby amended such that any document executed pursuant to these resolutions that creates an obligation of the Corporation in excess of $50,000 shall be signed by the Authorized Officer in lieu of being required to be signed by the Chief Executive Officer and the Treasurer of the Corporation;

## PRIOR RELATED ACTS

**RESOLVED,** that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and members of the Board of Directors in the name and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

I hereby certify that the foregoing resolutions were duly adopted by the Board of Directors of Interise, Inc. at a special meeting on September 15, 2026, at which a quorum was present and at which the resolutions were approved by a majority vote of the Directors present, in accordance with Article IV, Section 5 of the Bylaws of the Corporation.



Tyrone Foster, Board Chair



4938-9805-2304.2

**Fill in this information to identify the case:**

Debtor name **Interise, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ____________

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ____________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/6/2026

X [signature]
Signature of individual signing on behalf of debtor

**Tyrone Foster**
Printed name

**Board Chairman**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name **Interise, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ____________________

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

**Part 1: Summary of Assets**

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

| | | |
|---|---|---|
| 1a. **Real property:** Copy line 88 from *Schedule A/B* | $ | **0.00** |
| 1b. **Total personal property:** Copy line 91A from *Schedule A/B* | $ | **656,066.26** |
| 1c. **Total of all property:** Copy line 92 from *Schedule A/B* | $ | **656,066.26** |

**Part 2: Summary of Liabilities**

| | | |
|---|---|---|
| 2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* | $ | **775,259.58** |
| 3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | | |
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F* | $ | **218,086.11** |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* | +$ | **49,892.51** |
| 4. **Total liabilities** Lines 2 + 3a + 3b | $ | **1,043,238.20** |

# STATEMENT REGARDING THE DEBTOR'S VOLUNTARY PETITION, SCHEDULES OF ASSETS AND LIABILITIES, AND STATEMENT OF FINANCIAL AFFAIRS

## I. Introduction

Interise, Inc. (the "Debtor"), a Massachusetts nonprofit corporation, has filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), together with its Schedules of Assets and Liabilities (the "Schedules") and its Statement of Financial Affairs (the "SOFA" and, together with the petition and the Schedules, the "Bankruptcy Filings"). This Statement (the "Statement") is incorporated by reference into, and form an integral part of, each of the Bankruptcy Filings, and should be referred to and reviewed in connection with any review of them. This Statement applies to every part of the Bankruptcy Filings, whether or not a particular Schedule or SOFA response expressly refers to them.

The Bankruptcy Filings were prepared under the direction of Tyrone Foster, Chair of the Debtor's Board of Directors (the "Board Chair"), who was authorized by resolution of the Board of Directors adopted at a special meeting on September 15, 2026 to execute, verify, and cause the filing of the Bankruptcy Filings on the Debtor's behalf, with the assistance of the Debtor's counsel, Foley & Lardner LLP, which is serving on a pro bono basis. As explained below, after expending significant efforts, the Debtor's available business records are incomplete and are based solely on the limited information that the Board Chair has been able to locate and compile over the past many months.

## II. Circumstances Under Which the Bankruptcy Filings Were Prepared

### A. Cessation of Operations and Absence of Employees

The Debtor ceased operations on August 1, 2025 after the Board of Directors voted to suspend operations and all staff were terminated. Since that time, the Debtor has had no employees, no officers or staff responsible for finance, accounting, or recordkeeping, and has had no business operations. As of May 2026, the Debtor's lease had been terminated and the Debtor could not access its former leased office space on Newbury Street in Boston, Massachusetts. Upon information and belief, the mail directed to its former address has been returned to sender.

### B. Efforts to Obtain Information

For many months, the Board Chair and the Debtor's counsel have sought to obtain information regarding the Debtor's assets, liabilities, creditors, contracts, and financial affairs. Those efforts have included reaching out by email and phone to former board members, vendors employed by the Debtor, like QuickBooks, the Debtor's payroll vendor ADP, as well as reviewing all available electronic mail and correspondences that could be located. Notwithstanding those efforts, former officers and staff either do not have the requested information or have been unable to provide it, and much of the Debtor's books and records are missing or inaccessible on the QuickBooks platform.

### C. Status of the Board of Directors

Members of the Debtor's Board of Directors have resigned, or are resigning effective as of the Petition Date. The individuals identified in response to SOFA Questions 28 and 29 are listed based on the best information available to the Board Chair, and their inclusion does not reflect that any such individual continues to serve, or will continue to serve, after the Petition Date. Following the Petition Date, the Debtor expects that the Board Chair will be the Debtor's sole representative and will attend the meeting of creditors under section 341 of the Bankruptcy Code and respond to any reasonable inquiry of the chapter 7 trustee.

### D. Sources of Information

In the absence of complete books and records, the Bankruptcy Filings were prepared by reconstructing the Debtor's assets and liabilities from the documents and information available, which consist principally of:

- electronic mail and other correspondence available to the Board Chair, including correspondence from creditors, former employees, and governmental agencies;
- a financial statement of the Debtor as of December 31, 2025, the underlying detail and supporting documentation for which, in many instances, were not available;
- account balance information for the Debtor's accounts at Eastern Bank provided by the Board Chair;
- demand letters, notices, invoices, settlement communications, and claim correspondence received by the Debtor;
- news articles and media statements; and
- publicly available lien filings and certain insurance policy documents.

Due to the lack of access to the Debtor's books and records, the Board Chair has not been able to perform a full reconciliation of the Debtor's books and records, and no audit, review, or compilation of the information in the Bankruptcy Filings has been performed.

## III. Statement and Reservation of Rights

### A. Reservation of Rights.

The Bankruptcy Filings have been prepared in good faith based on the information available, but the Debtor cannot warrant that they are complete or accurate in all respects. Inadvertent errors, omissions, or inaccuracies may exist. The Debtor reserves the right, and the chapter 7 trustee shall have the right, to amend or supplement the Bankruptcy Filings at any time as additional information becomes available.

### B. Reliance by Signatory.

In signing the Bankruptcy Filings, the Board Chair has necessarily relied on the documents and information described above. The Board Chair has not personally verified every statement and has no personal knowledge of many of the underlying transactions which occurred while the Debtor was managed by its former officers and staff. The declarations accompanying the

Bankruptcy Filings are made to the best of the Board Chair's knowledge, information, and belief following reasonable inquiry under the circumstances.

**C. Estimates and "Unknown" Amounts.**

Many amounts listed in the Bankruptcy Filings are estimates derived from incomplete records, including amounts drawn from the December 31, 2025 financial statement that could not be traced to supporting documentation. Where the Debtor could not determine an amount, the amount is listed as "unknown" or $0.00. A listing of "unknown" or $0.00 is not an admission that no amount is owed or that an asset has no value. Totals in the Schedules reflect only the known, liquidated amounts and therefore may materially understate the Debtor's actual assets or liabilities.

**D. Valuation of Assets.**

The Debtor has not obtained appraisals of any of its assets. Values stated reflect book value, the face amount of an obligation, or a policy limit, as applicable, and may not reflect realizable value. Certain assets, including the Debtor's StreetWise MBA curriculum, program approach and database, its internet domain names and web content, and printed materials, are listed with an unknown value. Accounts receivable and the claims for unpaid employee retention tax credits are listed at face amount, and their collectability has not been determined.

**E. Classification of Claims.**

Claims have been classified as secured, priority, or nonpriority unsecured based on the limited information available. Any such classification, including the designation of any claim as entitled to priority under section 507 of the Bankruptcy Code, is not an admission of the validity, amount, priority, or secured status of the claim. The Debtor and its estate reserve all rights to dispute, recharacterize, reclassify, or object to any claim, whether or not designated as disputed, contingent, or unliquidated.

**F. Secured Claims.**

Claims listed on Schedule D are based on the Debtor's understanding of public lien filings and creditor correspondence. The Debtor has not reviewed, and does not concede, the validity, perfection, priority, or extent of any lien. The value of collateral is listed as $0.00 because the Debtor was unable to determine it, and that listing is not a statement of the value of any collateral.

**G. Employee and Wage-Related Claims.**

Because the Debtor's payroll and personnel records are inaccessible through QuickBooks or ADP, the Debtor may not have identified every former employee or governmental unit holding a wage, benefit, unemployment, paid-leave, or related claim. Further, since the Debtor ceased operations, some employees have filed wage claims with their respective local state agencies. Upon information and belief, there are a few ongoing investigations by state agencies into wages owed. The Board Chair has cooperated to the best of his abilities but because personnel payroll records cannot be located and were not provided, the Board Chair cannot confirm or deny the claims. As a result, such claims are listed in unknown amounts, unless the former employee has communicated an amount owed to the Board Chair. Personal addresses of certain individuals could not be located, but the Board Chair has listed email addresses for former employees where known. Because the underlying personnel records are missing, all employee wage claims are marked

"disputed". The Schedules do not include every claim and there may be more claims that the Board Chair is not aware of.

### H. Executory Contracts and Unexpired Leases.

The Debtor has been unable to locate a complete set of its contracts and leases. The omission of any contract or lease from Schedule G does not mean that no such contract or lease exists, and the inclusion of any agreement elsewhere in the Bankruptcy Filings is not an admission that it is executory or unexpired or remains in effect.

### I. Causes of Action.

The Debtor has not completed an investigation of potential claims and causes of action, including claims against third parties and avoidance actions under chapter 5 of the Bankruptcy Code. Any failure to list a claim or cause of action is not a waiver or release of that claim, and all such claims are preserved for the chapter 7 trustee.

### J. Insiders.

Persons listed as insiders were identified solely for purposes of the Bankruptcy Filings, based on their current or former positions. Listing a person as an insider is not an admission that the person is an insider for any other purpose, or that the person exercised control over the Debtor.

### K. Dates.

Unless otherwise noted, amounts are stated as of the Petition Date or, where Petition Date information was not available, as of the most recent date for which information was available (often December 31, 2025, or the date of the relevant creditor correspondence). Interest, penalties, and fees may continue to accrue on certain obligations and are not reflected unless stated.

## IV. Conclusion

This Statement is intended to give the Court, the chapter 7 trustee, creditors, and other parties in interest a candid account of the limits of the information on which the Bankruptcy Filings are based. The Board Chair intends to cooperate fully with the chapter 7 trustee, to provide any additional information that becomes available, and to amend the Bankruptcy Filings as appropriate.

* * * * *END OF STATEMENT* * * * *

*SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE*

**Fill in this information to identify the case:**

Debtor name **Interise, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ______________

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 3.1. | **Eastern Bank** | **Checking** | **5370** | **$81,807.16** |
| 3.2. | **Eastern Bank** | **Checking** | **2860** | **$97.53** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.** **$81,904.69**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

7.1. **Security Deposit with Spaces on Newbury Street** **$773.34**

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Debtor **Interise, Inc.** Case number *(If known)*
Name

Description, including name of holder of prepayment

8.1. **Unspecified Prepaid Expenses of $63,173.88 likely uncollectable.** **Unknown**

9. **Total of Part 2.** **$773.34**
Add lines 7 through 8. Copy the total to line 81.

**Part 3: Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | |
|---|---|---|---|---|---|
| 11b. Over 90 days old: | **38,420.00** | - | **38,420.00** | =.... | **$0.00** |
| 11b. Over 90 days old: | **207,130.00** | - | **207,130.00** | =.... | **$0.00** |

12. **Total of Part 3.** **$0.00**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Part 4: Investments**

13. **Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

**Part 5: Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** | | | | |
| 20. | **Work in progress** | | | | |
| 21. | **Finished goods, including goods held for resale** | | | | |
| 22. | **Other inventory or supplies** | | | | |
| | **Printed materials** | | **$0.00** | | **Unknown** |

23. **Total of Part 5.** **$0.00**
Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

Debtor **Interise, Inc.** Case number *(If known)* ____________
Name

■ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
■ No
☐ Yes. Book value ____________ Valuation method ____________ Current Value ____________

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

**Part 7: Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** | | | |
| 40. | **Office fixtures** | | | |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software**<br>HP Laptop model 15-efoo23dx. (This laptop had a sticker saying it was dead), HP ProBook 440 G4, HP Laptop model 15-da0032wm, HP 250 G6, Microsoft Tablet 2038 0F00TRP22503BF | $120.00 | | $120.00 |

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.** **$120.00**
Add lines 39 through 42. Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 8: Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

Debtor **Interise, Inc.**
Name

Case number *(If known)* ____________

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. | **Internet domain names and websites** | | | |
| | **https://programs.interise.org/amp-up-charlotte** | **Unknown** | | **Unknown** |
| 62. | **Licenses, franchises, and royalties** | | | |
| 63. | **Customer lists, mailing lists, or other compilations** | | | |
| 64. | **Other intangibles, or intellectual property** | | | |
| | **Interise StreetWise MBA curriculum, program approach and database** | **Unknown** | | **Unknown** |
| 65. | **Goodwill** | | | |

66. **Total of Part 10.** **$0.00**
Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
■ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
■ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
■ No
☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Debtor **Interise, Inc.**
Name

Case number *(If known)*

Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

**Employee retention tax credits filed by Insperity** Tax year **2020 -2021** **$573,268.23**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.** **$573,268.23**

Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No
☐ Yes

Debtor **Interise, Inc.** Case number *(If known)*
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$81,904.69** | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | **$773.34** | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | **$0.00** | |
| 83. | **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$120.00** | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| 88. | **Real property.** *Copy line 56, Part 9*.......> | | **$0.00** |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + **$573,268.23** | |
| 91. | **Total.** Add lines 80 through 90 for each column | **$656,066.26** | + 91b. **$0.00** |
| 92. | **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | **$656,066.26** |

**Fill in this information to identify the case:**

Debtor name **Interise, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ____________

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A* **Amount of claim** Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.1 Eastern Bank**
Creditor's Name

**125 High St.**
**Boston, MA 02110**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**2018**
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**
**All asset Lien**
**UCC1 on April 17, 2018;**
**UCC continuation statement filed 1/13/2023**

**Describe the lien**

**Is the creditor an insider or related party?**
■ No
☐ Yes

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Column A: **$250,000.00**
Column B: **$0.00**

**2.2 SBA EIDL**
Creditor's Name

**409 3rd Street SW**
**Washington, DC 20416**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**3/21/2022**
**Last 4 digits of account number**

**Describe debtor's property that is subject to a lien**
**All Asset Lien;**
**UCC1 on April 17, 2018;**
**UCC continuation statement filed 1/13/2023**

**Describe the lien**

**Is the creditor an insider or related party?**
■ No
☐ Yes

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Column A: **$525,259.58**
Column B: **$0.00**

Debtor **Interise, Inc.**
Name

Case number (if known) ______________

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** **$775,259.58**

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Eastern Bank<br>BCK-305 PO Box 4071<br>Wakefield, MA 01880 | Line 2.1 | |
| SBA EIDL Lien<br>CESC-COVID EIDL Service Center 14925<br>Fort Worth, TX 76155 | Line 2.2 | 9109 |

**Fill in this information to identify the case:**

Debtor name **Interise, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ____________

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1: List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address<br>**Adriana Acosta** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed | **Unknown** | **$0.00** |
| | Date or dates debt was incurred | Basis for the claim:<br>**Employee Wage Claim** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| 2.2 | Priority creditor's name and mailing address<br>**Conneticut Paid Leave Authority**<br>**460 Capitol Ave.**<br>**Hartford, CT 06106** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed | **Unknown** | **$0.00** |
| | Date or dates debt was incurred | Basis for the claim:<br>**Employee Wage claim** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

Debtor **Interise, Inc.** Case number (if known)
Name

**2.3** Priority creditor's name and mailing address
**Darrell Byers**
**4866 Harbor Dr.**
**Oakland, CA 94618**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

**Unknown** **$0.00**

Date or dates debt was incurred
**08/01/2025**

Basis for the claim:
**Employee Wage Claim**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.4** Priority creditor's name and mailing address
**Deirdre Coyle**
**dcoylejr@allworldlive.com**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

**$55,000.00** **$17,150.00**

Date or dates debt was incurred
**09/2025**

Basis for the claim:
**Employee Wage Claim**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.5** Priority creditor's name and mailing address
**Judith Momanyi**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

**Unknown** **$0.00**

Date or dates debt was incurred

Basis for the claim:
**Employee Wage Claim**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.6** Priority creditor's name and mailing address
**Massachusetts Department of Unemployment**
**19 Staniford St.**
**Boston, MA 02114**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

**$155,049.32** **$0.00**

Date or dates debt was incurred

Basis for the claim:
**Employee Wage claim**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

Debtor **Interise, Inc.** Case number (if known)
Name

**2.7** Priority creditor's name and mailing address
**Meetra Askarzada**
**maskarzada@interise.org**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

**Unknown** **$0.00**

Date or dates debt was incurred

Basis for the claim:
**Employee Wage Claim**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

---

**2.8** Priority creditor's name and mailing address
**Mouataz El-Esrawi**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

**Unknown** **$0.00**

Date or dates debt was incurred

Basis for the claim:
**Employee Wage Claim**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

---

**2.9** Priority creditor's name and mailing address
**North Carolina Department of Labor Wage**
**4 W. Edenton St.**
**Raleigh, NC 27601**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**$750.00** **$750.00**

Date or dates debt was incurred

Basis for the claim:
**Penalty Assessed**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

---

**2.10** Priority creditor's name and mailing address
**Ruth Hampden**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

**$7,286.79** **$7,286.79**

Date or dates debt was incurred
**08/01/2025**

Basis for the claim:
**Employee Wage Claim**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

---

Debtor **Interise, Inc.**
Name

Case number (if known)

**2.11** Priority creditor's name and mailing address
**Ryan Bhattacharyya**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

**Unknown** **$0.00**

Date or dates debt was incurred

Basis for the claim:
**Employee Wage Claim**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1** **Nonpriority creditor's name and mailing address**
**African American Chambers of Commerce**
**3201 E. Colonial Dr. Ste. A-20**
**Orlando, FL 32803**
**Date(s) debt was incurred** 11/13/2025
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed
**Basis for the claim:** Contractual
Is the claim subject to offset? ■ No ☐ Yes

**$14,000.00**

**3.2** **Nonpriority creditor's name and mailing address**
**Alchemer LLC**
**168 Centennial Pkwy #250**
**Louisville, CO 80027**
**Date(s) debt was incurred** 04/24/2026
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed
**Basis for the claim:** Vendor
Is the claim subject to offset? ■ No ☐ Yes

**$2,842.50**

**3.3** **Nonpriority creditor's name and mailing address**
**Citizen Bank Mastercard**
**2000 Purchase Street**
**Purchase, NY 10577**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed
**Basis for the claim:** Credit Card
Is the claim subject to offset? ■ No ☐ Yes

**$20,141.62**

**3.4** **Nonpriority creditor's name and mailing address**
**Citizens Bank Mastercard**
**2000 Purchase Street**
**Purchase, NY 10577**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** Credit Card
Is the claim subject to offset? ■ No ☐ Yes

**$2,232.77**

**3.5** **Nonpriority creditor's name and mailing address**
**SiteGround**
**901 N. Pitt St. Unit 325**
**Alexandria, VA 22314**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** Web hosting
Is the claim subject to offset? ■ No ☐ Yes

**$21.99**

Debtor **Interise, Inc.**
Name

Case number (if known)

3.6 **Nonpriority creditor's name and mailing address**
**Spaces on Newbury**
**361 Newbury St.**
**Boston, MA 02115**

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$10,653.63**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Lease agreement

Is the claim subject to offset? ■ No ☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 218,086.11 |
| **5b. Total claims from Part 2** | 5b. + | $ 49,892.51 |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ 267,978.62 |

**Fill in this information to identify the case:**

Debtor name **Interise, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ____________________

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1 State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| 2.2 State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| 2.3 State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| 2.4 State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name **Interise, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ____________

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Your Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name **Interise, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ____________

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1: Income

1. **Gross revenue from business**

☐ None.

| **Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year** | **Sources of revenue** Check all that apply | **Gross revenue** (before deductions and exclusions) |
|---|---|---|
| **For year before that:** From **1/01/2024** to **12/31/2024** | ☐ Operating a business<br>■ Other **Grants Received** | **$2,000,000.00** |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| **Description of sources of revenue** | **Gross revenue from each source** (before deductions and exclusions) |
|---|---|

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

■ None.

| **Creditor's Name and Address** | **Dates** | **Total amount of value** | **Reasons for payment or transfer** *Check all that apply* |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| **Insider's name and address** **Relationship to debtor** | **Dates** | **Total amount of value** | **Reasons for payment or transfer** |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**

Debtor **Interise, Inc.** Case number *(if known)*

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:** **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **North Carolina Department of Labor Wage** | **Wage claim filed by Ruth Hampden** | | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.2. | **Massachusetts Department of Unemployment Assistance** | **See statement and reservation of rights** | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. | **State of Michigan Department of Labor and Economic Opportunity Unemployment Insurance Agency** | **See statement and reservation of rights.** | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | **Connecticut Paid Leave Authority** | **See statement and reservation of rights** | | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:** **Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

Debtor **Interise, Inc.** Case number *(if known)*

**Part 5: Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6: Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7: Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8: Health Care Bankruptcies**

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

Debtor **Interise, Inc.** Case number *(if known)* ______

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9: Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the

medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

- ■ No.
- ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

- ■ No.
- ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

- ■ No.
- ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| | Name and address | Date of service<br>From-To |
|---|---|---|
| 26a.1. | **Randall S. Davis**<br>**42 Mill Road**<br>**Wilmington, MA 01887** | **2019-2022** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

Debtor **Interise, Inc.** Case number *(if known)* ______

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. QuickBooks<br>2700 Coast Ave.<br>Mountain View, CA 94043 | See statement and reservation of rights. |
| 26c.2. ADP<br>c/o Corey Carter and Scott Robert<br>4 Northeastern Blvd.<br>Salem, NH 03079 | See statement and reservation of rights. |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

**Name and address**

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Tyrone Foster | 3811 SE 190th Ave.<br>Vancouver, WA 98683 | Board Chair | 0 |
| Mark Ardayfio | 441 Redmond Rd.<br>South Orange, NJ 07079 | Board Member | 0 |
| James Hackney | 201 Sherman Rd. Apt. #806<br>Chestnut Hill, MA 02467 | Board Member | 0 |
| James Ricks | 9319 Orchid Pl.<br>Chesterfield, VA 23832 | Board Member | 0 |
| Akash Mahajan | 1 Vanderbilt Avenue<br>New York, NY 10017 | Board Member | 0 |
| Arthur Bernard | 1000 Keene Street<br>Duxbury, MA 02332 | Board Member | 0 |

Debtor Interise, Inc. Case number (if known) ____________

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| William Bagley | 2770 Enclave Bay Dr.<br>Chattanooga, TN 37415 | Board Member | 0 |
| Darlene L. Wilson | PO Box 3019<br>Birmingham, AL 35202 | Board Member | 0 |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Darrell Byers | 4866 Harbor Dr.<br>Oakland, CA 94618 | Cheif Executive Officer<br>dcbyers12@gmail.com | 2023-8/1/2025 |
| Joseph Moye | | Chief Financial Officer | |
| Wallace Bryant | | Treasurer | |
| Carolynn O'Brien | | Secretary | |
| Rebecca Karp | | Director | |
| Ellen Thrasher | | Director | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

Debtor **Interise, Inc.** Case number *(if known)* ____________

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14: Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/6/2026

[signature]
Signature of individual signing on behalf of the debtor

**Tyrone Foster**
Printed name

Position or relationship to debtor **Board Chairman**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No
☐ Yes

# United States Bankruptcy Court
## District of Massachusetts

In re Interise, Inc.
Debtor(s)

Case No.
Chapter 7

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for Interise, Inc. in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

11/18/2026
Date

/s/ Adrienne K. Walker
Adrienne K. Walker
Signature of Attorney or Litigant
Counsel for Interise, Inc.

Foley & Lardner LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
617-502-3355 Fax:617-342-4001
awalker@foley.com

# United States Bankruptcy Court
## District of Massachusetts

In re **Interise, Inc.** Debtor(s)

Case No.
Chapter 7

# VERIFICATION OF CREDITOR MATRIX

I, the Board Chairman of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date: 11/6/2026

**Tyrone Foster/Board Chairman**
Signer/Title

Adriana Acosta

African American Chambers of Commerce
3201 E. Colonial Dr. Ste. A-20
Orlando, FL 32803

Alchemer LLC
168 Centennial Pkwy #250
Louisville, CO 80027

Citizen Bank Mastercard
2000 Purchase Street
Purchase, NY 10577

Citizens Bank Mastercard
2000 Purchase Street
Purchase, NY 10577

Conneticut Paid Leave Authority
460 Capitol Ave.
Hartford, CT 06106

Darrell Byers
4866 Harbor Dr.
Oakland, CA 94618

Deirdre Coyle
dcoylejr@allworldlive.com

Eastern Bank
125 High St.
Boston, MA 02110

Eastern Bank
BCK-305 PO Box 4071
Wakefield, MA 01880

Judith Momanyi

Massachusetts Department of Unemployment
19 Staniford St.
Boston, MA 02114

Meetra Askarzada
maskarzada@interise.org

Mouataz El-Esrawi

North Carolina Department of Labor Wage
4 W. Edenton St.
Raleigh, NC 27601

Ruth Hampden

Ryan Bhattacharyya

SBA EIDL
409 3rd Street SW
Washington, DC 20416

SBA EIDL Lien
CESC-COVID EIDL Service Center 14925
Fort Worth, TX 76155

SiteGround
901 N. Pitt St. Unit 325
Alexandria, VA 22314

Spaces on Newbury
361 Newbury St.
Boston, MA 02115